UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN PHILLIPS,**

    **Plaintiff,**

v.                                                                                         Case No.  8:05-cv-948-T-30TGW

**CITY OF ST. PETERSBURG, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Amended Motion to Dismiss Amended Complaint, or, in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 4), the Memorandum of Law in Support of Defendants' Amended Motion to Dismiss Amended Complaint, or, in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 10), and Plaintiff's Response to Defendants' Amended Motion to Dismiss Amended Complaint, or, in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 16). The Court, having considered the motion and memoranda, and being otherwise fully advised, finds that the motion should be granted in part and denied in part.

Plaintiff's complaint states that it is an action for "libel and slander" against the Defendants. Plaintiff has also asserted in various other pleadings that he is alleging a civil rights cause of action, presumably under 42 U.S.C. § 1983. Defendants have moved to dismiss Plaintiff's complaint on the basis that his claims are barred by the applicable statute of limitations, as well as on other grounds.

Under Florida law, actions for libel and slander are limited by a two year statute of limitations. See Fla.Stat. §95.11(4)(g). The two-year limitation period begins running on the date the statements were made. See Molenda v. Hoechst Celanese Corp., 60 F.Supp.2d 1294, 1302-03 (S.D.Fla. 1999). Plaintiff commenced his action in state court on September 28, 2004. Therefore, Plaintiff's claims based on statements made by the Defendants prior to September 28, 2002, are barred by the statute of limitations. Accordingly, all of the libel and slander allegations contained in Plaintiff's complaint are time barred and dismissed with prejudice.

With regard to Plaintiff's alleged civil rights violations, Plaintiff's complaint fails to state a cause of action under § 1983. Although Plaintiff claims that he is asserting a claim under § 1983, the Court is unable to discern what this claim is from the current complaint. Plaintiff must clearly specify what his claims are, which claims he is making against which Defendants and in what capacity (individual or official) he is suing each Defendant. Plaintiff must allege these claims with sufficient specificity to allow the Court to determine if any of the Defendants are entitled to qualified immunity. See Swann v. Southern Health Partners, Inc., 388 F.3d 834, 838 (11th Cir. 2004).

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Amended Motion to Dismiss Amended Complaint, or, in the Alternative, Dispositive Motion for Summary Judgment (Dkt. #4) is GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff's libel and slander claims that are based on statements made prior to September 28, 2002, are dismissed with prejudice. The remainder of Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff may file an amended complaint consistent with this Order within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2005.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-948.mtd.wpd