UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN PHILLIPS,**

    **Plaintiff,**

v.                                                         Case No.  8:05-cv-948-T-30TGW

**CITY OF ST. PETERSBURG, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 22) and Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 24).  The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be granted in part and denied in part.

Plaintiff Allen Phillips, who is appearing *pro se*, filed an amended complaint on September 1, 2005.  The Court previously dismissed Plaintiff's original complaint, which alleged causes of action for "libel and slander" and civil rights violations.  The Court found that the libel and slander counts were barred by the two year statute of limitations and that the Plaintiff failed to state a cause of action under 42 U.S.C. § 1983.

Plaintiff's amended complaint alleges that this is an action for "violations of Plaintiff's Civil Rights."  Plaintiff appears to allege that he was wrongfully terminated from

the City of St. Petersburg police department because of his age and race. However, Plaintiff's amended complaint still fails to state a cause of action under § 1983, Title VII of the Civil Rights Act of 1964, or the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. As the Court has previously advised Plaintiff, Plaintiff must clearly specify what his claims are and which claims he is making against which Defendants and in what capacity (individual or official) he is suing each Defendant. Plaintiff does not even allege his age or race in the amended complaint, nor does he state that he has satisfied the presuit requirements of Title VII or the ADEA.

Moreover, it appears that Plaintiff's § 1983 claims are also barred by the applicable statute of limitation. In Florida, § 1983 actions are limited by a four (4) year statute of limitation. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). The facts contained in the amended complaint occurred between April of 1999 and July of 2000. Plaintiff commenced this action in state court on September 28, 2004. Therefore, any of the alleged actions of the Defendants occurring prior to September 28, 2000, are barred by the statute of limitations.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Dispositive Motion for Summary Judgment (Dkt. # 22) is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff may file a second

amended complaint consistent with this Order within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-948.mtd amended compl.wpd