UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN PHILLIPS,**

   **Plaintiff,**

v.                                           Case No. 8:05-cv-948-T-30TGW

**CITY OF ST. PETERSBURG, et al.,**

   **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Dispositive Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint, or in the Alternative, Defendants' Dispositive Motion for Summary Judgment (Dkt. #27-1). The Court, having considered the motion and memorandum, and being otherwise advised of the premises, finds that Defendants' Motion for Summary Judgment should be granted.

**Background**

Plaintiff, Allen Phillips, is a former police officer of the City of St. Petersburg, Florida. Citizen complaints against Plaintiff alleging misconduct on his part led to departmental investigations of the allegations against him by his supervisor William Korinek and by police internal affairs investigator James Alese. A Chain of Command Board was convened in 2000 to examine the allegations against Plaintiff and to determine whether discipline was warranted. Then Chief of Police Goliath Davis participated in the Chain of Command Board and ultimately determined that Plaintiff should be discharged from his

employment with the department due to his misconduct. On April 13, 2000, Plaintiff was discharged from his employment with the police department for misconduct. Plaintiff subsequently sought to reverse his discharge through arbitration proceedings.

During the arbitration proceedings, Plaintiff entered into an oral agreement to settle his grievance, but he subsequently brought suit in the Circuit Court in and for Pinellas County, Florida, for declaratory judgment to set aside the settlement agreement and direct the parties back to arbitration. On November 12, 2002, Circuit Court Judge Susan Schaffer entered an Order on Declaratory Judgment in favor of the City of St. Petersburg finding that the parties entered into a settlement agreement that was read into the record and transcribed by a court reporter. The terms of the settlement agreement were as follows: (1) the City agreed to pay the Plaintiff the total sum of $7,500.00; (2) the plaintiff would dismiss with prejudice his grievance filed against the City with respect to his discharge from employment; (3) the Plaintiff agreed not to seek re-employment with the City; (4) the Plaintiff's discharge would be converted into a resignation; (5) there would be no record suggesting any falsehoods of lying on the part of the Plaintiff; and (6) the Plaintiff agreed not to file an age discrimination suit. Plaintiff appealed the state court's decision to the Second District Court of Appeal. The Second District Court of Appeal affirmed the state court's decision *per curium*.

In addition to the arbitration proceedings and the state court proceedings, Plaintiff also filed a race and age discrimination lawsuit in the U.S. District Court, Middle District of Florida styled *Allen Phillips v. City of St. Petersburg, St. Petersburg Police Dept., Goliath*

*J. Davis, III, Melainie Bevan, and Tony Rolando*, Case No. 8:00-cv-2521-JDW (the "2000 Federal Lawsuit"). In the 2000 Federal Lawsuit, Phillips brought claims of race discrimination and age discrimination based on the same facts and circumstances as those alleged in this case. On May 2, 2001, the federal court entered an order dismissing Plaintiff's race discrimination claims because such claims were not raised in his original EEOC charge and arose out of a separate and distinct course of events. Subsequently, the Defendant filed a Motion for Summary Judgment arguing that Phillips was barred from bringing claims based on age discrimination because Phillips voluntarily waived his right to bring an age discrimination claim as part of his settlement agreement reached during arbitration. Based on the state court's finding that the Plaintiff waived his right to bring an age discrimination suit in a previous Settlement Agreement between the parties, the federal court entered an order granting summary judgment in favor of the City of St. Petersburg as to Plaintiff's age discrimination claims.[1]

On December 21, 2004, Plaintiff filed another lawsuit with the Sixth Judicial Circuit Court in and for Pinellas County, Florida (Case No. 04-8970-CI-007) which was subsequently removed to this Court. In this case, Plaintiff is proceeding *pro se* and has been given the opportunity to amend his complaint four times. On November 7, 2005, this Court entered an Order (Dkt. #25) granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. The Court advised Plaintiff that Plaintiff's Second Amended

---

[1] See Dkt. #62, Case No. 8:00-cv-2521-T-27MAP.

Complaint failed to state a cause of action under §1983, Title VII of the Civil Rights Act of 1964, or the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§621-634. In the Second Amended Complaint, Plaintiff failed to clearly identify his claims, the party or parties against whom the claims were made, and the capacity in which he is suing. Plaintiff did not even allege his age or race, or state whether he has satisfied the pre-suit requirements of Title VII or the ADEA. Further, the Court previously advised Plaintiff that it appears on the face of the Complaint that Plaintiff's §1983 claims are barred by the applicable four (4) year statute of limitation.

On November 30, 2005, Plaintiff filed a Third Amended Complaint against Defendants (Dkt. #26). In response to Plaintiff's Third Amended Complaint, Defendants filed a Motion to Dismiss the Third Amended Complaint, or in the alternative, Motion for Summary Judgment to Dismiss the Third Amended Complaint (Dkt. #27).

On January 3, 2006, this Court entered an Order to Show Cause (Dkt. #28) ordering the Plaintiff to show cause in writing within eleven (11) days why this action should not be dismissed for failure to file a Case Management Report pursuant to Local Rule 3.05 (the "January 3rd Show Cause Order"). In the January 3rd Show Cause Order, this Court advised Plaintiff that failure to respond would result in this action being dismissed without further notice. As of the date of this Order, Plaintiff has not responded to this Court's January 3rd Show Cause Order.

On January 4, 2006, this Court entered an Order to Show Cause (Dkt. #29) as to Plaintiff's failure to respond to Defendants' Motion to Dismiss the Third Amended

Complaint, or in the alternative, Motion for Summary Judgment to Dismiss the Third Amended Complaint (the January 4th Show Cause Order"). In the January 4th Show Cause Order, this Court ordered Plaintiff to file a response within eleven (11) days to Defendants' Motion to Dismiss the Third Amended Complaint, or in the alternative, Motion for Summary Judgment to Dismiss the Third Amended Complaint or show cause in writing within eleven (11) days why the Court should not consider Defendants' motion without a response by Plaintiff. As of the date of this Order, Plaintiff has not responded to this Court's January 4th Show Cause Order. Since Defendants' Motion to Dismiss the Third Amended Complaint, or in the alternative, Motion for Summary Judgment to Dismiss the Third Amended Complaint was filed in both capacities, this Court will rule on it as a Motion for Summary Judgment.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**Legal Analysis**

**I.     Statute of Limitation.**

Plaintiff's §1983 claims are barred by the applicable statute of limitation. In Florida, §1983 actions are limited by a four (4) year statute of limitation. See Chappell v. Rich, 340

F.3d 1279, 1283 (11th Cir. 2003). The alleged violations contained in the Third Amended Complaint upon which the Plaintiff basis his §1983 claims occurred between April 1999 and December 7, 2000. Plaintiff commenced this action in state court on December 21, 2004. Therefore, any of the alleged actions of the Defendants occurring prior to December 21, 2000, are barred by the statute of limitations. Accordingly, summary judgment is granted as to all claims based on actions or events occurring prior to December 21, 2000.

## II.     Doctrine of *Res Judicata*

*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999). Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. <u>Id</u>. All of these elements are present in this case.

First, there have been two separate final judgments entered by two separate courts relating to the merits of Plaintiff's claims: (a) Order on Declaratory Judgment in favor of Defendant, City of St. Petersburg, entered by Circuit Court Judge Schaffer in Case No. 02-98-CI in the Circuit Court of the 6th Judicial Circuit in and For Pinellas County, Florida; and (b) Order granting summary judgment in favor of Defendants, City of St. Petersburg and Goliath J. Davis, III, entered by U.S. Circuit Court Judge Whittemore in Case No. 8:00-cv-2521-T-

27MAP in the United States District Court in and for the Middle District of Florida, Tampa Division.

Second, both decisions were rendered by a court of competent jurisdiction.

Third, Plaintiff, Allen Phillips was the only plaintiff in both of the previous suits and this suit.  Defendant, City of St. Petersburg was the Defendant in both of the previous suits and this suit.  Defendant, Goliath J. Davis, III, was a Defendant in the previous federal suit and this suit.  Defendants, John C. Wolfe, James Alese and William Korinek are all employees of the City of St. Petersburg and are being sued in their official capacity as employees of the City of St. Petersburg in this suit.  As employees of the City of St. Petersburg, Defendants, John C. Wolfe, James Alese and William Korinek, are in privity with the City of St. Petersburg.[2]  Thus, the parties, or those in privity with them, are identical in both suits.

Fourth, the same cause of action is involved in the previous 2000 Federal Lawsuit and this case.  In the Eleventh Circuit, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." Ragsdale, 193 F.3d 1235, 1239.  In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." Ragsdale, 193 F.3d at 1239, citing Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is

---

[2] See Womack v. American Tel. & Tel. Co., Inc., 982 F. Supp. 1460 (M.D. Ala. 1997) (for *res judicata* purposes, where employee and employer were parties in both actions then supervisors, who were sued as agents of employer in second action, were in privity with employer).

based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." Id.

Upon a comparison of the transactions, occurrences and operative facts alleged in the 2000 Federal Lawsuit and this case, this Court concludes that the two cases are based on the same claims or cause of action.[3] Accordingly, Plaintiff's §1983 claims as alleged in the Third Amended Complaint against Defendants are barred by the doctrine of *res judicata*.

### III. Qualified Immunity Principles

"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." Id. at 1357-58.

"Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." Id. at 1358; Migut v. Flynn, 131 Fed. Appx. 262, 264 (11th Cir. 2005).[4] The Supreme Court

---

[3] From a cursory review of the Order on Declaratory Judgment (Dkt. #27-3), it appears that the state court case was also based on the same claims or cause of action as the 2000 Federal Lawsuit and this case, but did not include claims of race discrimination. However, since this Court has not reviewed a copy of the complaint for declaratory relief filed within the state court case, this Court will not compare the operative facts of the state court case with the operative facts of this case.

[4] It is undisputed that Defendants, Davis, Wolfe, Alese, and Korinek, were each acting in their official capacity as an employee of the City of St. Petersburg at the time of the events at issue.
(continued...)

has established a two-part test to determine the applicability of qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation." Migut, 131 Fed. Appx. at 264; see also Hope v. Pelzer, 536 U.S. 730, 736 (2002). "If, under the plaintiff's allegations, the defendants would have violated a constitutional right, 'the next, sequential step is to ask whether the right was clearly established'." Cottone, 326 F. 3d at 1358. Since qualified immunity is "an entitlement not to stand trial or face the burdens of litigation,", questions of qualified immunity are to be resolved "at the earliest possible stage in the litigation." Mitchell v. Forsythe, 472 U.S. 511, 526 (1985); Hunter v. Bryant, 502 U.S. 224, 227 (1991).

In order for this Court to determine whether Plaintiff has established both prongs of the qualified immunity test, this Court must first determine whether, under Plaintiff's allegations, Defendant violated a constitutional right.

**IV.     Violation of Constitutional Rights**

The Eleventh Circuit has consistently held that there is a heightened pleading requirement for civil rights cases, especially those potentially involving qualified immunity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). The complaint must allege the relevant facts "with some specificity" and complaints containing only vague and conclusory allegations will be dismissed. Id.; Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In Plaintiff's Third Amended Complaint, Plaintiff fails to

---

[4](...continued)
See Dkts. #6, 7, 8, 9, and 26.

provide relevant facts that would support a violation of Plaintiff's constitutional rights.[5] Plaintiff has failed to respond to Defendants' Dispositive Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint, or in the alternative, Defendants' Dispositive Motion for Summary Judgment. Further, Plaintiff fails to provide argument, relevant evidence or affidavits in opposition to Defendant's affidavits in support of summary judgment based on qualified immunity.[6]

Thus, Plaintiff's Third Amended Complaint fails to comply with the heightened pleading requirements necessary to bring a civil rights action based on a violation of Plaintiff's constitutional rights. Further, even after four attempts Plaintiff has been unable to state a claim upon which relief may be granted. Plaintiff has not offered any evidence supporting an argument that Defendants are not entitled to qualified immunity under the facts of this case. Based on this Court's conclusion that Plaintiff has failed to sufficiently plead a violation of his constitutional rights, this Court finds that Defendants are entitled to qualified immunity from liability in relation to this lawsuit. For these reasons, summary judgment is granted in favor of Defendants.

---

[5] Plaintiff has not alleged his age or his race. Plaintiff has not stated whether he has satisfied pre-suit requirements of Title VII or the ADEA.

[6] Plaintiff also failed to respond to this Court's Order to Show Cause directing the Plaintiff to file a response to Defendant's Motion to Dismiss/Motion for Summary Judgment (Dkt. #29), as well as, this Court's Order to Show Cause directing Plaintiff to file a Case Management Report pursuant to Local Rule 3.05 (Dkt. # 28).

## Conclusion

Plaintiff's §1983 claims are barred by the applicable four (4) year statute of limitation. Plaintiff's §1983 claims are also barred by the doctrine of *res judicata*. Plaintiff has failed to state a violation of his constitutional rights, thus Defendants are entitled to qualified immunity from liability in relation to this lawsuit. Accordingly, summary judgment is granted in favor of Defendants as to all claims brought in Plaintiff's Third Amended Complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Dispositive Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint, or in the Alternative, Defendants' Dispositive Motion for Summary Judgment (Dkt. #27-1) is GRANTED.

2. The clerk is directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-948.msj.wpd